# WHEELING.

### MOORE v. SMITH et al.

#### Submitted June 17, 1885.—Decided July 9, 1885.

1. A court of equity has jurisdiction to enforce a vendor's lien on land
   for the purchase-money represented by a bond, though the bond
   has been lost, and though a copy of the deed can not be produced
   by the vendor, the plaintiff ; and a bill properly alleging these
   facts should be sustained on demurrer, though there is with the
   bill no affidavit that the bond has been lost and could not be
   found on search, as these facts may be shown by proof or other-
   wise during the progress of the trial.   (p. 382.)

2. A court of equity under the provisions of ch. 71, § 30, of Acts of
   1882, (ch. 125, § 30 of Code), when it overrules a demurrer, can
   not enter a decree on the merits of the case set out in the bill, but
   it should give a rule upon the defendant to answer the bill in a
   specified time, and if the defendant fails to answer the bill on the
   day specified in the order, the court may then and not till then

enter a decree upon the merits of the case as stated in the bill. And though, when the demurrer is overruled, a rule be given to answer the bill but no day be specified in the order, the court can not enter a decree on the merits of the cause at a subsequent day of the term, if no answer be filed.   (p. 383.)

3. This rule so required need not be served on the defendant, who is in court by having filed a demurrer, and therefore the rule is the equivalent of an order granting the defendant leave to file his answer before a specified day, and this is the form, in which the order is usually and properly entered.  (p 384.)

GREEN, JUDGE, furnishes the following statement of the case :

At February rules 1883 B. F. Moore filed his bill in the circuit court of Ritchie county, in which he alleged, that some time in the spring ot 1879 George G. Moore and Mattie his wife sold to Jacob S. Smith a tract of land in Ritchie county containing sixt-two acres, and that all the purchase money for said tract of land had been paid by said Smith except one deferred instalment of $150.00.   A deed for said tract of land was made by said Moore and delivered to Smith, on May 1, 1879; and on the face of this deed a vendor's lien was expressly reserved to secure the payment of the residue of the unpaid purchase-money, that is, this note of $150.00.   The plaintiff in this bill avers that he is now the owner of said note, which has been lost or mislaid, but he files with his bill as an exhibit a copy of said note.   He avers that some little of this $150.00 has been paid as shown on the back of the note, on which are the endorsements, which are copied with said exhibit, there being now due thereon including interest $13 1.62, which remains unpaid, and which is a lien on said land.   The defendant, Smith, has never had this deed recorded, and therefore the plaintiff can not file a copy thereof with his bill.   The bill prays that Smith, Moore and his wife be made defendants, and that Smith be required to answer this bill and file with his answer said deed, in order that the court may inspect the same ; that a decree for sale of said land may be made in enforcement of this lien and to pay of the balance of the purchase money due, and for general relief.

The exhibit flled with this bill is as follows :

"Three years after date I promise to pay unto George G.

Moore, his heirs and assigns the sum of $150.00 (one hundred and fifty dollars) (last part of the consideration money for a tract of sixty-two acres of land as shown by the deed dated May 1, 1879, from George Moore and wife to me) for value received with interest from date.

"Witness my hand and seal this first day of May, 1879.

"JACOB S. SMITH, [SEAL.]"

The endorsements on this bond were as follows:

"Received on the within in full amount of interest to date, May 1, 1882."

"Received on the within $23.00 by hand of David McIntyre this 16th day of May, 1882."

At March rules 1883 Moore filed an answer admitting the truth of all the allegations in the bill and particularly that he transferred this bond to the plaintiff for a valuable consideration, and that the plaintiff is entitled to the benefit of the vendor's lien on said tract of land. On June 19, 1883, Smith filed in open court a written demurrer to this bill, on which issue was joined, and on June 25, 1883, this demurrer was overruled, and on motion of the plaintiff a rule was awarded against the defendant, Smith, to file his answer together with the deed named in the bill. No answer having been filed, on July 10, 1883, a decree was rendered by the court, which recites, that the cause came on to be heard on the bill and exhibits therewith filed, upon the demurrer of Smith, which had been overruled, the answer of the defendant, Moore, and replication thereto, on process duly executed upon the defendants and upon the proceedings regularly had at rules, upon consideration whereof the court is of opinion, that the plaintiff is entitled to the relief prayed for, and that there was then due on said note, which was a vendor's lien on said tract of land, $134.86. It was therefore decreed that the plaintiff recover against the defendants $134.86 and the costs of the suit; and upon default in the payment thereof H. B. Showalter, who was appointed a special commissioner for the purpose, after advertising in a prescribed manner was directed to sell this tract of land at public auction at the front door of the court house of said county on certain specified terms, the commissioner to give a bond in the penalty of $500.00 conditioned according to law; and the defendant

Smith, was ordered to file a copy of the deed of said land to him within sixty days with the clerk of the court. The special commissioner was required to report his proceedings under the decree of the court. It is presumed he did so, though his report is not copied into the record before us, as it should have been, as there is copied into the record the following decree dated October 25, 1883:

"This cause came on this day to be further heard upon the papers formerly read and upon the report of sale of H. C. Showalter, special commissioner, from which report it appears that said commissioner under the former decree made sale of the land in the bill and proceedings to one David McIntyre for the sum of $475.00, and the said McIntyre failed to comply with the terms of his purchase. It is therefore ordered that said commissioner, H. C. Showalter, re-sell the land in the bill and proceedings mentioned and described, and that in making said sale the commissioner shall comply with the requirements of the former order and decree rendered in this cause.

"And it further appearing to the court that the defendant, J. S. Smith, has been duly served with process, but fails and refuses to answer the said bill and file his deed to said land as heretofore required, it is ordered that a rule be served upon him returnable on the first day of the next term of this court, requiring him, the said Smith, to answer said bill within thirty days after the entering of this order."

From these decrees Jacob S. Smith obtained an appeal and *supersedeas.*

*T. E. Davis* for appellant.

*H. C. Showalter* for appellee.

Green, Judge:

It will be observed from the statement of this case, that the record is in some respects defective; but, as no *certiorari* has been asked to bring up the omitted parts of the record, and there is enough before us to render a proper decree in this cause doing justice to all, we will at once decide it. The demurrer to the bill was properly overruled. The demurrer filed alleged as a cause of demurrer "that no proper exhibit

was filed with the bill showing that the note" (it should have been called bond) "was executed or that Moore, the plaintiff, was the owner of the same." This demurrer has so little basis as to induce the suspicion, that it was filed merely for delay. If a proper order had been made on the overruling of the demurrer requiring the defendant, Smith, to file his answer on a named day during the term of the court, no delay could have been produced by the filing of the demurrer. Authority can hardly be needed to show that this demurrer was groundless; but we refer to *Robinson* v. *Dix et al*, 18 W. Va. 529, syl. point 3, where this Court held: "A court of equity has jurisdiction to enforce a vendor's lien for the un-paid purchase-money represented by a bond though it has been lost; and while it's loss and that it can not be found on search may be properly stated in the bill and supported by affidavits; yet the failure to make such allegation would be no ground of demurrer, as it may afterwards be done on motion of the defendant, or these facts may be shown in the progress of the cause." In the case before us the bill would not have been demurrable, even if it had failed to state the loss of the bond.

It is equally obvious that the decree of July 10, 1883, must be overruled and annulled. The court at that time had no right to enter a decree settling the principles of the cause and decreeing a sale of the tract of land of the defendant, Smith; for the Code of West Virginia, ch. 125, § 30, provides: "If a demurrer be overruled, there shall be a rule upon the defendant to answer the bill. And if he fails to appear and answer the bill on the day specified in the order, the plaintiff shall be entitled to a decree against him for the relief prayed for therein." It seems clear therefore, that such a decree, as was entered, could not have been entered, when the demurrer was overruled, nor a few days afterwards during the term of the court, unless the court, after it overruled the demurrer to the bill, had ordered Smith to answer the bill on or before a specified day, and he had failed to do so. If this order had been made, and the day fixed for the answer to be filed had been prior to July 10, 1883, then a decree of the nature of the decree of that date might properly have been made. Otherwise it could not, and in no case should it have been made till after

the correction of certain obvious errors on its face, such as the defective recitals of how the cause came on to be heard. Instead of the decree being in favor of the plaintiff against the defendants it should have been, if a personal decree was rendered at all, against the defendant Smith only, and the bond required of the special commissioner of sale should have been a bond with good security to be approved by the clerk of the court.

The statute speaks of a rule upon the defendant to answer the bill at a specified day; but, as the defendant was in court by the filing of his demurrer, there was no necessity for such a rule to be served upon him. So that the rule in effect amounts only to an order authorizing him to file his answer on or before a day specified in the order. And the entry is usually and properly made in this form. All this seems clear enough on the face of the statute. But this Court has frequently decided, that under the provisions of sec. 30 of ch. 125 of the Code the court upon overruling a demurrer to a bill should order a rule against the defendant, requiring him to answer the bill within a fixed time, and that it is error to enter a decree against such defendant for the relief prayed in the bill on overruling a demurrer, but the court should order such rule, and an opportunity should be given to answer. *Peck* v. *Chambers*, 8 W. Va. 210; *Nichols* v. *Nichols*, *Id.* 174.

The said sec. 30 has been re-enacted in the Acts of 1882, ch. 71 sec. 30, p. 158. At the conclusion of the decree on the merits of the case of *Pecks* v. *Chambers*, *supra*, this order appears: "The defendant has leave to file his answer within ninety days from this date." The court commenting in that case on this order says: "The granting leave to file an answer within ninety days at the end of the decree of sale is not a compliance with the law upon the subject. The rule to answer should first have been made upon the defendant, and if he failed to answer at the day fixed by the rule, then the court would have been authorized to proceed to decree the relief prayed but not before without the consent of the defendant." 8 W. Va. 216; *Sutton* v. *Gatewood*, 6 Munf. 398.

The rule thus declared, it seems to me, is the only reasonable interpretation of the statute. It would certainly be no

benefit to the defendant to permit him to file his answer after the case had been decided against him and a decree entered on the merits. The object of the statute is to give him an opportunity to file his answer, before the cause is heard on its merits. After the decree an answer would be but an idle form, because it could avail nothing as against the decree already entered and a cause already decided upon its merits.

The cause under consideration is very similar to the one just referred to in respect to the question under discussion. The decree of June 25, 1883, upon overruling the demurrer awarded a rule against the appellant but fixed no time, within which he was required to answer. Then at the same term the court without any further reference to the rule and before answer filed entered a decree for the sale of the land. The sale was made, but the purchaser having failed to comply with its terms, a re-sale was ordered by decree of Otober 25, 1883, and by this decree another rule was awarded against the appellant to answer the bill. Thus after the decree of July 10, 1883, upon the merits the appellant was under no obligation to answer, because any answer filed after that time would have availed him nothing. The cause had already been decided. For the same reason the rule awarded by the decree of October 25, 1883, was too late to be of any service to him. It is the natural right of every defendant to be heard upon the merits of the suit against him, and unless he is in default according to the practice and rules of equity he can not be deprived of this right. In this cause the mode prescribed by the statute to place the appellant in default had not been complied with ; consequently he was not in default, and it was error to grant the relief prayed by the bill without such compliance. The said decrees of July 10, 1883, and October 25, 1883, must, therefore, be reversed and the cause remanded for further proceedings in accordance with the principles announced in this opinion.

REVERSED.  REMANDED.