# CHARLESTON.

## MITCHELL *v.* EVANS.

Submitted January 28, 1887.—Decided April 9, 1887.

WAIVER—PLEADING AND PRACTICE—DEMURRER—RULE TO ANSWER.

A decree overruling a demurrer by the defendant to the plaintiff's bill uses these words: "And the defendant not asking further time to answer said bill," HELD: These words as construed by the context are equivalent to the words, and the defendant not desiring further time, &c., and therefore operated as a waiver of a rule upon the defendant to answer the bill.

*E. Maxwell* and *W. B. McGarey* for appellant.

*W. W. Brannon* for appellee.

SNYDER, JUDGE :

Appeal from a decree of the Circuit Court of Lewis county, entered March 2, 1886, in the suit of Joseph Mitchell and others against Joseph Evans, the appellant. The said decree constitutes the entire record brought before this Court, and the only error assigned is, that the court erred in rendering a final decree upon overruling the demurrer of the defendant to the bill without a rule on him to answer.

There can be no question, that, according to the terms of the statute and the decisions of this Court, when a demurrer to a bill is overruled it is error to enter a decree on the merits against the demurrant until a rule has been made upon him to answer, or such rule has, either in terms or by clear implication, been waived by the defendant. (Sec. 30, chap. 125 of Code ; *Moore* v. *Smith*, 26 W. Va. 379 ; *Pecks* v. *Chambers*, 8 Id. 210.)

The portion of the decree in which tʰ  alleged error appears is as follows : "And the defendan ᵗoseph Evans, this day appeared by counsel and demurred to ᵗʰᵉ said bill, which demurrer, being maturely considered by thᵉ ᶜurt, is overruled, *and the said defendant not asking furtheᵣ ᵢme to answer said bill,* the same is now taken for confessed,"

and then the decree proceeds to grant the relief prayed in the bill.

It seems to me, that the meaning and fair interpretation of the words, "the defendant not asking further time," &c., construed in connection with the purpose of the statute and the fact that the defendant had appeared and was then present by counsel in court, must be considered as equivalent to the words, the defendant not *desiring* further time to answer the bill; and these latter words we have, in another case decided at this term, held to mean that the defendant *declined* to answer. (*Rigg* v. *Parsons, supra,* p. 522.)

If such was not the meaning or intention of the decree, these words are altogether unmeaning and superfluous. They must be taken to have been used advisedly and for some effective purpose if it is possible so to construe them. In *McKay* v. *McKay,* 28 W. Va. 514, a demurrer was sustained to the bill, and the decree stated : "and the said plaintiff, by counsel, here in court declining to proceed further in this cause," the bill was dismissed. This Court held, that said language was the same in effect as if it had been, and the said defendant declining to amend his bill. This Court must presume that the court below acted rightly; and when the language used is susceptible of two constructions, one of which sustains the action of the lower court and the other does not, this Court will adopt the former construction, unless it plainly appears from the context of the decree, that such was not the intention and meaning of the decree. I therefore think that the defendant waived his right to a rule upon him to plead, and consequently no rule was necessary.

For these reasons, I am of opinion that the said decree must be affirmed.

AFFIRMED.