# CHARLESTON.

## J. CLARK MILLER v. EDITH R. HAWKER.

Submitted February 17, 1920.   Decided March 2, 1920.

1. VENDOR AND PURCHASER—*Holder of Vendor's Lien May Enforce it as to Any Portion of Lien Then Due.*

   The holder of a vendor's lien may maintain a suit to enforce the lien as to any part of the purchase money then due, and is entitled to a decree for the remainder as it becomes due; and in its decree of sale the court can provide that the deferred payments shall become due at such times as will meet and discharge the undue notes. (p. 692).

2.  SAME—*Equity Has Inherent Jurisdiction to Enforce Vendor's Liens.*

    Equity has jurisdiction of suits to enforce vendor's liens, independent of statute. (p. 693).

3.  EQUITY—*Conditions Under Which Sale to Enforce Vendor's Lien Can be Had Stated.*

    Where in a suit to enforce a vendor's lien the defendant, holding a deed with covenants of general warranty of title from the vendor, files his answer averring the existence of a prior subsisting lien upon the land, and prays to have the same discharged, and the plaintiff does not controvert such affirmative matter by a special reply in writing, and no proof is taken, it in error to decree a sale. (p. 693).

Appeal from Circuit Court, Marion County.

Suit by J. Clark Miller against Edith R. Hawker to enforce a vendor's lien. Decree for plaintiff, and defendant appeals.

                       *Reversed and remanded.*

*Showalter & Frame,* for appellant.

*Neely & Lively,* for appellee.

WILLIAMS, PRESIDENT:

From a decree entered on the 18th of February, 1919, in this suit to enforce a vendor's lien, directing the sale of defendant's land, if the lien amounting to $8494.67, was not paid within 20 days from that date, defendant has appealed.

The first assignment is that the suit was prematurely brought. Two purchase money notes for $4,000.00 each were given, payable in one and two years, respectively, from the date of sale, and a vendor's lien retained in deed to defendant to secure them. Only one of said notes was due at the time of the institution of this suit. This assignment is without merit. Plaintiff had a right to enforce his lien as to any portion of the money then due. The bill alleges the price at which the lot was sold was $12,000, $4,000 of which defendant paid in cash, and for the balance executed her two notes in equal amounts, payable in one and two years, respectively, to the plaintiff, with interest from the 7th of February, 1917, the date of sale, and that plaintiff executed to defendant a deed for the lot, retaining a lien therein to secure the notes. Plaintiff was not required to wait until all the purchase money was due before suing. He could maintain his suit

for the part that was then due, and was entitled to a decree for the remainder as it became due, and the court could decree a sale on such terms as to make the future payment become due to meet the second note when it became due. *Long* v. *Perine,* 41 W. Va. 314; *Moore* v. *Green,* 90 Va. 181. However, the second note did fall due before the decree was entered and it included the amount of both notes, which was entirely proper.

The next point is that no statutory authority exists for the suit. This assignment is based upon the fact that, in re-enacting chapter 75 of the Code the legislature omitted section 10 thereof. See chapter 6, Acts 1917. But this point is not urged in brief. Equity jurisdiction to enforce a vendor's lien exists independent of statute. In fact the vendor's lien is a creature of equity, founded on the supposed intention of the parties and is in the nature of a trust. *Redford* v. *Gibson,* 12 Lee 322, 343. When a vendor conveyed his land to the vendee, before all the purchase money was paid, equity regarded the vendee as holding the title in trust to secure his vendor the unpaid purchase money, and such lien was held to be valid against purchasers from the vendee with notice thereof. This secret lien proved to be such a fruitful source of litigation, however, that the legislature of Virginia abolished it in 1849, by providing that where endor makes a conveyance of his title he shall have no lien u⁾ ess it is expressly reserved on the face of the conveyance. Section 1, chapter 75, Code of W. Va. But the jurisdiction to enforce the lien, when so reserved on the face of the conveyance, continued to exist in equity, independent of the statute. *Hempfield R. R. Co.* v. *Thornburg,* 1 W. Va. 261; Story's Eq. Juris. (14th Ed.) section 1626. The enforcement of vendors' liens is a matter peculiarly within the cognizance of a court of equity, independent of statute. 39 Cyc. p. 1846 and numerous cases cited in note; *Moore* v. *Smith,* 26 W. Va. 379.

It is insisted that it was error to decree a sale, without making the holder of a preexisting lien a party, or without directing the application of a sufficient amount of the purchase money to the discharge of such lien. Defendant answered the bill setting up the fact that Tusca Morris, special commissioner, who conveyed the lot to plaintiff, retained a vendor's lien to secure the payment of $3,013.33 of the purchase money, and that it was then

past due and unpaid, and the lien to secure the same was a valid and subsisting lien. Notwithstanding this averment in the answer of affirmative matter and a prayer therein for affirmative relief, plaintiff replied generally thereto. The general replication was no denial of that matter, which therefore must be taken as true. Defendant's answer was a statutory cross-bill under section 35, chapter 125 of the Code. She prayed that the amount of the preexisting lien might be ascertained and provision made for the discharge thereof, before she was required to pay the purchase money. But the court heard the cause on bill, answer and general replication only, and decreed a sale of her lot, without requiring plaintiff to amend his bill, bringing in the holder of such lien and without making any provision for discharging the same out of the purchase money. This was error. The answer, being in effect a cross-bill, demanded a special reply in writing. It was specially framed to secure affirmative relief, for it does not traverse or seek to avoid any of the allegations of the bill. It does not deny the existence or the amounts of the debts, or controvert the validity of the lien. Apparently its only purpose was to obtain relief against the prior lien affecting title, and not being controverted by special replication in writing it must be taken as true. Section 36, chapter 125, Code, Hogg's Eq. Proced., section 456. True we have some cases holding, where a case has been heard upon such cross-bill answer praying for affirmative relief, to which only a general replication has been filed and full proof has been taken and the record shows the case to be such as to have made the cross-bill answer unnecessary before the passage of sections 35 and 36 of chapter 125, Code, that the decree will not be set aside simply because of a failure to reply in writing. *Cunningham* v. *Hedrick*, 23 W. Va. 579; *Paxton* v. *Paxton*, 38 W. Va. 616. But here the case was heard simply upon a bill and answer and general replication, without any proof whatever being taken. There is nothing to controvert the affirmative averments of the answer and they must be taken for confessed as against the plaintiff. *Goff* v. *Price*, 42 W. Va. 385.

Plaintiff's counsel insist that in a suit to enforce a vendor's lien it is not necessary to make other lienors parties. But with-

out stopping to determine whether or not this rule is of universal application, certain it is that it does not deny to a defendant holding under a deed with covenants of general warranty of title from the plaintiff vendor, as in this case, the right to show the existence of prior liens and to have the purchase money due from him to plaintiff applied to their discharge. *Harvey v. Ryan,* 59 W. Va. 134; *Smith v. White,* 71 W. Va. 639. In such case equity will not relegate the purchaser to his remedy at law on the covenant of warranty and leave his title affected with the incumbrance, but will see that the liens are discharged out of the purchase money in his hands.

For these reasons the decree is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*