I. N. FARLEY *v.* ORA M. ARBOGAST *et al.*

(No. 7856)

Submitted October 2, 1934. Decided October 16, 1934.

*Wm. T. George,* for appellant.
*W. Bruce Talbott,* for appellee I. N. Farley.

LITZ, JUDGE:

This is a suit under section 34, article 2, chapter 38, Code (1931), to enforce a mechanic's lien for services rendered by plaintiff, I. N. Farley, in the construction of a dwelling upon a tract of 71 acres of land owned by defendant, Ora M. Arbogast, in Barbour County.

Pursuant to the prayer of the bill (filed by plaintiff), to which all other interested parties are defendants, the respective amounts and priorities of liens affecting the property were ascertained and reported as follows: (1) an undue purchase money lien of $903.13 in favor of Lean E. Boylan, a purchase money lien of $602.08 in favor of L. H. Shank, assignee of Lean E. Boylan; (2) a mechanic's lien of $74.17 in favor of plaintiff, a mechanic's lien of $54.55 in favor of C. B. Sturm, a mechanic's lien of $494.24 in favor of S. R. Layfield; (3) a deed of trust lien of $337.44 in favor of Upshur Loan Association; (4) a judgment lien of $56.62 in favor of R. W. Johnson, trading as R. W. Johnson Company, a judgment lien for $116.43 in favor of M. M. Strader, trading as Strader Mercantile Company; (5) a judgment lien of $134.11 in favor of G. H. and Laura Foy; (6) a judgment lien of $140.28 in favor of J. C. Reed; (7) a judgment lien of $116.21 in favor of Citizens National Bank of Philippi; and (8) a judgment lien of $167.93 in favor of Citizens National Bank of Philippi. Thereupon, without determining the amount of land surrounding the building upon which the mechanic's liens attached, as required by section 25, article 2, chapter 38 of the Code, the trial court directed a sale of the entire property, or so much thereof as might be necessary, to discharge the liens, according to their respective priority, and costs of suit, upon the following terms: one-third cash and "so much more as the purchaser may elect to pay," the balance in two equal installments of six and twelve months, respectively. After an abortive sale, the defendant, Ora M. Arbogast, for reasons stated in writing, moved to set aside the decree of sale. The order of sale was thereupon modified by decree of April 25, 1933, adjudicating

the purchase money lien in favor of L. H. Shank as first in order of priority, and changing the terms of sale as follows: one-third cash and so much more, not exceeding two-thirds of the purchase price, as the purchaser may elect to pay; the difference between the cash payment and two-thirds of the purchase money to be paid in six months from the day of sale; the residue to be paid in two equal installments May 1, 1934, and May 1, 1935, respectively, and applied to the undue vendor's lien indebtedness.

Defendant, Ora M. Arbogast, who alone appeals, contends that the decree of sale as modified is erroneous because (1) the suit should have been confined to the enforcement of the mechanic's liens; (2) the property should not have been sold for the undue purchase money lien indebtedness; and (3) the land surrounding the building upon which the mechanic's liens attached should have been first determined as required by section 25, article 2, chapter 38, Code, which provides that whenever a mechanic's lien "is sought to be enforced against any property outside of any city, town or village, it shall be the duty of the court before which any suit for the enforcement of such lien is pending, to determine in its discretion how much land surrounding any such building shall be subject to such lien. In any event, not more of such land shall be so subject to such lien than shall be reasonably necessary to the full enjoyment of such building or other improvement."

The debtor may not complain of the convening of all the lien creditors and a sale of the land to discharge the liens in the order of priority. *Grant* v. *Cumberland Cement Co.,* 58 W. Va. 162, 52 S. E. 36; *Monk.* v. *Pier Corporation,* 111 Va. 121, 68 S. E. 280. It was also permissible to sell the entire property, notwithstanding the immaturity of the second lien, by deferring the payment of part of the purchase price to meet the debt as it becomes due. *Miller* v. *Hawker,* 85 W. Va. 691, 102 S. E. 470. But it was error to direct a sale before defining the land to which the mechanic's liens attached.

The trial chancellor, failing to comply with the re-

quirement of the statute in advance of the sale, reserved the right to do so in event the property sold for more than the purchase money lien indebtedness. Whether a compliance with the requirement of the statute may prove unavailing upon the theory that the property will not sell for more than enough to satisfy the purchase money lien indebtedness, it is, nevertheless, in our opinion, prerequisite to the order of sale.

The decree, complained of, is accordingly reversed and the cause remanded for further proceedings.

*Reversed and remanded.*