## M. McLaughlin *v.* George Shaughnessey.

1. BILL OF PARTICULARS: WHEN SUFFICIENT. — When a bill of particulars, taken in connection with the statements contained in the petition to enforce mechanic's lien, as fully advise the defendant of the petitioner's claim as if a specific statement of every piece of work was fully set out in detail, it is a substantial compliance with the statute.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

George Shaughnessey filed his petition in the Circuit Court of Hinds county, alleging that he had furnished M. McLaughlin materials for the erection of a ten-pin alley and bar-room in the city of Jackson, describing the lot on which the building was made; that the said materials consisted of nails, brick, sand, sash, locks, butts, screws, shutter-fastenings, thirty-six bolts for alleys, "and were furnished and delivered to defendant at his request;" that petitioner gave his personal superintendence, labor, and skill as a carpenter, and expended money in employing other carpenters, laborers, and brick-layers for working on the same, and in hauling lumber and sand which were necessary for the erection of the same; that the work was commenced about the 29th of September, 1866, and completed, and delivered same to defendant, November 26, 1866; that the said work and materials, etc., were reasonably worth $1,288.95, of which

$500 was paid by defendant, September 29, 1866, and $400 more, October 20, 1866; that there was a balance of $388.95 still due; concluding with averments that he had a lien on the lot and building, etc., and filed with the petition the following "bill of particulars."

This petition to enforce mechanic's lien is founded on the annexed account:

JACKSON, Nov. 20, 1866.

MR. M. McLAUGHLIN,

TO GEORGE SHAUGHNESSEY.

For labor and materials used in the construction of ten-pin alleys and bar-room on Pearl street:

| | | |
|---|---:|---:|
| Nails, 5½ kegs | $55 | 00 |
| Brick, 6500 | 65 | 00 |
| Brick-layers' and laborers' wages | 60 | 00 |
| Hauling lumber, brick, sand, etc | 58 | 00 |
| Freight paid on lumber | 8 | 00 |
| Sash, 84 lights, 10x16 | 26 | 90 |
| Locks, butts, screws, shutter-fastenings | 22 | 05 |
| Bolts for alleys, 36 | 36 | 00 |
| 2552 feet lumber | 63 | 00 |
| Carpenters' work | 895 | 00 |
| | $1,288 | 95 |
| Received, September 29 .........$500 00 | | |
| "      October 20 ...............400 00 | | |
| | 900 | 00 |
| Balance due | $388 | 95 |

Defendant filed pleas, denying the allegations in the petition, and averring payment, giving notice of set-off claimed.

On the trial, the jury found for petitioner $422.

*W. P. Harris* and *W. M. Estelle* for plaintiff in error.

*Yerger* for defendant in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This was a petition filed in the Circuit Court of Hinds county

to enforce the "mechanic's lien" upon a certain lot and buildings thereon, in the city of Jackson.

There was a trial by jury, and verdict for defendant in error, and judgment thereon.

A motion was made for a new trial, and overruled by the court.

During the progress of the trial, counsel for plaintiff in error objected to the hearing of any evidence under the account or bill of particulars, and to the reading of the same to the jury; the objection was not sustained, and the evidence was heard by the jury, to which rulings of the court plaintiff in error excepted, and prosecutes this writ of error.

These rulings of the court below are here made the grounds for three assignments of error.

We shall notice only the second assignment, the determination of which will dispose of the case; it is as follows:

"2. The pretended bill of particulars was not such notice of the cause of action as could be properly traversed in the court below, and the court erred in overruling defendant's objection to proof under the bill of particulars."

The first question presented for our consideration by this assignment is, whether the bill of particulars filed with the petition is sufficient, taken in connection with the allegations in the petition, to demand a traverse from plaintiff in error?

The petition alleges that the defendant in error erected a ten-pin alley and bar-room upon the lot of the plaintiff in error at his request, under a promise to pay what it was reasonably worth, and that he commenced to build said houses on or about the 29th day of September, and completed the same on the 26th day of November, 1866, and delivered possession of the same to the plaintiff in error; and further, that the plaintiff in error was in possession of the ten-pin alley and bar-room at the time of filing the petition; it is also alleged that plaintiff in error had paid defendant in error, for his work upon the buildings, $900, before possession was delivered to plaintiff in error.

We think the bill of particulars a substantial compliance with the requisitions of art. 6, Revised Code, p. 328, and suffi-

cient notice to plaintiff in error. This seems to have been conceded by counsel in their argument, except as to the last item in the bill of particulars, which is, "for carpenters' work, $895."

Counsel insist that this item is too vague and uncertain, and that the court should have excluded all testimony attempted to be offered under it.

They maintain that the kind of work should have been specified, to enable the witness to testify as to its value.

The petition shows the amount of the cost of materials furnished, and the cost of labor expended upon them, in the erection of the ten-pin alley and bar-room; the materials are specifically stated in the bill of particulars, and that the buildings were in the possession of the plaintiff in error at the time of the filing of defendant in error's petition.

Plaintiff in error must necessarily have been in possession of all the information, at the trial, that could have been communicated to him by a specific statement of every piece of work bestowed upon the buildings.

The defendant in error having shown by his bill of particulars all the materials used in the buildings, as we have before stated, and having stated the cost of working these materials into the buildings, it was incumbent upon him, at the trial, to prove the value of the labor bestowed upon the buildings.

This the plaintiff in error objected to. Was this a valid objection, and should the court have sustained the motion of counsel to reject all testimony tending to show the value of the carpenters' work?

We think the court did not err in overruling this objection.

The work shows for itself; it was all susceptible of measurement, and was as much within the reach of plaintiff in error as it was in that of the defendant in error; he could not be taken by surprise on the introduction of proof of the value of the carpenters' work, and only upon this ground could the objection of counsel be sustained.

The plaintiff in error shows, by his plea of payment and set-off, that he had paid nearly $500 on the carpenters' work before

suit, and that he had furnished 5000 bricks of the 6500 charged in the bill of particulars, and that he furnished 2200 feet of lumber of the 2500 feet charged in account of the defendant in error.

Plaintiff in error failed to make this proof at the trial, it would seem, from the amount of the verdict rendered against him.

The defendant in error had to prove the value of the carpenters' work—the cost of making every door; the cost of putting on every lock, bolt; the cost per square of flooring, shingling, and ceiling, for making the ten-pin alleys, etc., etc. The court could not have properly permitted the introduction of any other kind of testimony, as to the value of the carpenters' work, on the trial, in the absence of a specific contract for the same.

The presumption is, that such testimony was introduced, and permitted to go to the jury, in the absence of proof to the contrary in the record.

Plaintiff in error being in possession of all the information that defendant in error possessed, could have testified as to the materials he claimed to have furnished for the buildings, and could have introduced experts (carpenters) to have shown that the carpenters' work was charged too high.

The court, in overruling the objection to the admissibility of testimony under the item, " for carpenters' work " — the only objection seriously contended for by plaintiff in error's counsel — we think did not prejudice the defence of plaintiff in error.

The court did not err in overruling the motion for a new trial, the grounds for the new trial being the action of the court in permitting testimony to go to the jury in support of the bill of particulars, and the refusal to exclude all testimony under the last item in the same; the question involved in the motion for a new trial being the same presented by the second assignment of error.

For these reasons, we think the verdict should not be disturbed.

Let the judgment be affirmed.

Case No. 11,699, between the same parties, having been submitted with 11,700, and the grounds of error assigned being the same, it will have to take the same course, and be affirmed.