## CHARLESTON.

RICHARDSON *et al. v.* NORFOLK & WESTERN R'y Co.

Submitted January 12, 1893.—Decided March 22, 1893.

1. LIEN—MECHANIC'S LIEN.

> Section 7, c. 64, Acts 1882 (Warth's Code, 1887, c. 75) gives a lien on all the real estate and personal property of any incorporated
81

company doing business in this State to every workman, laborer or other person, who does any work or performs any labor for such company by virtue of any contract written, verbal, express or implied with such company, for the value of the work so done or labor so performed.

2. Lien—Construction of Statue.

The meaning of this section can not be extended to embrace persons, who have no privity of contract with the company, but must be confined to those, who have such contract, and who by virtue thereof do the work and perform the labor, for which the lien is claimed.

Campbell & Holt for appellant:

I.—*But three classes of mechanics' liens on land given by provisions of chapter 75, Code of 1887.*—Code (1887) c. 75, ss. 2–5, 7.

II.—*The words, house or other building, as used in sec. 2 can not be construed so as to cover railroad-bridge, abutment or embankment.*—13 Gray (Mass.) 311; 11 Wis. 119.

III.—*Mechanic's lien law strictly construed.*—8 W. Va. 384.

IV.—*A "just account," as used in the statute, means an itemized or detailed statement, and a lumping statement is insufficient.*—80 Va. 573; 97 Mo. 365; 53 Mo. 423; 86 Mo. 287; 6 Pa. 187.

Vinson, McDonald & Thompson for appellees cited Code (1887) c. 75; Phill. Mech. Lien; 65 Mo. 599; 80 Va. 573.

Dent, Judge:

This is a suit brought by Richardson & Kelly, subcontractors under Hugh Keoh, a contractor of the Norfolk & Western Railroad Company, to subject the property of said company to a mechanic's lien claimed by said firm for work and labor performed in the construction of said company's road, by virtue of section 7, c. 64, Acts 1882 (Warth's Code 1887, c. 75).

The company appeared and demurred to the bill. Demurrer was overruled, and the case referred to a commissioner, to ascertain the liens and the property liable to the payment of the same. The company filed an answer before the commissioner, who made a report favorable to plaintiffs, to which the company excepted.

On the 3d day of October, 1891, the court entered a decree overruling the exceptions to the report, confirmed the same, and ordered a sale of certain portions of the company's property to pay the liens claimed by the plaintiffs and certain of the defendants. From this decree the company appeals, and assigns as error (1) the overruling of the demurrer to the bill; (2) the overruling of the exceptions to the commissioner's report; (3) other errors not pointed out.

The last assignment being apparently without foundation and evidently thrown in to sift the conscience of the court is overruled. The other two assignments are for the same cause of error, to wit, the want of equity in the plaintiffs' bill, in that the plaintiffs were not entitled to a mechanic's lien under chapter 75, Code 1887 (chapter 64, Acts 1882). The appellees admit that if they are entitled to a lien it must be by virtue of section 7 of said chapter, as they can not bring themselves within the provisions of any other section, and, if not so entitled, the suit is without foundation, and the demurrer to the bill should have been sustained.

The clause of section 7 under which this lien is claimed is in these words: "(7) Every workman, laborer, or other person, who shall do or perform any work or labor by virtue of any contract for any incorporated company doing business in this State, shall have a lien for the value of such work or labor upon all the real estate and personal property of said company."

And the first clause of section 8 is in these words: "(8) Such lien shall be discharged, unless the person desiring to avail himself thereof, within sixty days from the time he ceases to work or labor for such incorporated company, shall file with the clerk of the County Court of such county in which the work or labor was performed," *etc.* In the case of *McGugin* v. *Railway Co.*, 33 W. Va. 63 (10 S. E. Rep. 36) this Court, following the decision of *Smith Bridge Co.* v. *Louisville, N. A. & St. L. A. L. R'y. Co.*, 72 Ill. 506, held that statutes, which are opposed to common rights and confer special privileges upon one class of the community not enjoyed by others, should receive strict con-

struction as to parties claiming the benefits thereof; and that such parties must bring themselves clearly within their provisions.

Plaintiffs insist that the law means : "that any person, who does or performs labor in the construction of railroads by virtue of a contract between the company and any individual, either a principal or subcontractor, shall have a lien" and that the words "any contract" used in the section will bear this construction; and that the legislature in the enactment of this law had in view the method of constructing railroads by letting out to contractors, who sublet to others or employ laborers to do the work.

These words might possibly bear this construction were they not qualified by the words immediately following, "for any incorporated company." In common acceptation a person does work or performs labor only for the one who employs him, although another may be the beneficiary of his labor; and when the legislature used the words, "Any workman, laborer or other person, who shall do or perform any work or labor for any incorporated company," the words must be construed according to their commonly accepted meaning; that is, that the company was the employer, and that there was no intervening contractor or other employer, to whom the employe looked primarily for the payment of his wages. And the next section clinches this meaning by the use of the words, "Such lien shall be discharged, unless the person desiring to avail himself thereof, within sixty days from the time he ceases to work or labor for such incorporated company," not from the time he ceases to work or labor for a contractor or subcontractor.

"Any contract" does not mean anybody's contract with the company, but refers to the kind of contract, whether written or verbal, express or implied ; in support of which meaning see *Mornan* v. *Carroll,* 35 Ia. 22. By this section every employe of an incorporated company, from the track-hand and coal-heaver to the superintendent of the railroad or mines, is secured a lien on all the company's property for the price of his hire. The number secured by it is a multitude of vast proportions. But no contractor or sub-

contractor, unless he actually does work or performs labor, nor any of their employes is entitled to such lien, much less the right to a double lien on the company's property, without regard to any contract price. The legislature has not yet seen fit to extend the provisions of this section, as it has other sections, so as to include contractors furnishing labor or material or the labor or material furnished by them; and the right to so amend the law is not with the Court. If the company by any contract with Keoh or in any other way had become the paymaster to the plaintiffs and Keoh's other employes, there might have existed such privity of contract as would have entitled the payee to a lien on the company's property; but no such allegation is contained in the bill.

For the foregoing reasons the decree complained of is reversed, the demurrer to the bill sustained, and the bill dismissed without prejudice, however, to any proper proceedings the plaintiffs may institute, either at law or in equity, to subject any funds the company may have retained, belonging to said Keoh, to the payment of their claims.

REVERSED. DISMISSED.