# CHARLESTON

GRANT *v.* CUMBERLAND VALLEY CEMENT CO.

Submitted September 9, 1905.    Decided October 31, 1905.

1. MECHANIC'S LIEN.

   A verified account, filed in the clerk's office of a county court, under the provisions of section 8 of chapter 75 of the Code of 1899, for the purpose of preserving a mechanic's lien, must show on its face substantial compliance with the conditions, specified in the statute as the requisites of such lien; but, however informal it may be, the lien will stand if it shows such compliance. (p. 165.)

2. MECHANIC'S LIEN.

   When the basis of such lien is work and labor, and the recorded paper shows the kind, amount and price thereof, failure to enter each month's, day's or year's service, as the case may be, as a separate item of charge, and credit each payment as a separate item, with the date thereof, will not vitiate such paper, if, on its face, it discloses with reasonable certainty the kind, amount and contract price of the service and time of performance. Itemization in form is unnecessary, if it appear in substance and effect. (p. 166.)

3. MECHANIC'S LIEN.

   To determine the sufficiency of such an account and claim, the account proper and the sworn statement appended to it, may be read together and considered as a whole. (p. 167.)

4. MECHANIC'S LIEN.—*Prior Liens—Parties to Suit.*

   If there be prior liens by mortgage, deed of trust, judgment and claims under the mechanic's lien statutes, on the property sought to be subjected to a mechanic's lien, it is not error of which the the debtor can complain, if at all, to make the holders of all of such liens parties, convene them before a commissioner, adjudicate them and decree a sale of the property to satisfy them, although no controversy as to the amounts or priorities of any of them is alleged. (p. 167.)

5. EQUITY OF REDEMPTION,

   An equity of redemption is not the difference between the value of the property, in respect to which it is held, and the amount of the liens thereon, but an equitable estate in the property capable of being enlarged into complete legal title, by discharging the liens, and, in such case, the interest of the owner therein, within the meaning of section 3 of chapter 75 of the Code of 1899, is such equitable estate. (p. 168.)

6. BILL AND EXHIBITS—*Demurrer*.

> If a bill and its exhibits, read together, show all the facts neces-
> sary to be alleged in a bill sufficient in law, a demurrer thereto is
> properly overruled.   (p. 165.)

7. ORDER OF REFERENCE.

> An order of reference made on a bill, to the gravamen of which
> the answer does not respond by denial, is not premature.   (p.
> 171.)

Appeal from Circuit Court, Mineral County.

Suit by James Grant against the Cumberland Valley Ce-
ment Company.   From a judgment for plaintiff, defendant
appeals.

*Affirmed*.

Wm. MacDonald, for appellant.

Wm. Clayton and Chas. N. Finnell, for appellees.

Poffenbarger, Judge:

Complaining of a decree of the circuit court of Mineral
county, in a suit brought by James Grant to enforce a me-
chanic's lien against the property of the Cumberland Valley
Cement Company, a corporation, given by section 7 of chap-
ter 75 of the Code of 1899, said corporation has appealed,
assigning, as grounds of error, the overruling of its demurrer
to the bill, premature entry of an order of reference, and
provision for the sale of its property for the satisfaction of
prior liens thereon as well as the mechanic's lien, so as
to pass the estate in fee simple therein instead of the sale
of its mere equity of redemption in its real estate,

Upon the demurrer, it is insisted (1) that the account filed
in the clerk's office of the county court for the preservation
of the lien lacks some of the requisites of "a just and true
account of the amount due," after allowing all credits; (2) that
said account does not show the services, for which the lien is
claimed, to have been rendered within nine months before
the lien was recorded; (3) that prior lienors were made par-
ties to the bill.

The account, with the affidavit, verifying it, an attested
copy of which is exhibited with, and made part of, the bill,
reads as follows:

"The Cumberland Valley Cement Company

To James Grant,                                                    Dr.

1903.

May 17th   To Salary as Superintendent under contract with
said Company from  May  17th, 1899, to May 17th, 1903,
four   years  at  $1200 per year to be  paid  monthly  $100
per month.......   ..........................  .......  ... $  4800.00

Cr.

By aggregate of  all payments made  to said  James  Grant
on account of Salary  up to this date....  ......  ...  ..$   4000.00
                                                          ———  ———
Balance due James Grant                                   $800.00"

"State of Maryland, County of Allegheny, to-wit:  James
Grant, being first duly sworn, deposes and says, that the fore-
going is a just and true account of the amount due him (said
James Grant) after allowing all credits from the Cumberland
Valley Cement Company, a corporation  duly  incorporated
and organized under the laws of the State of  West Virginia,
and having its plant, works, real estate and personal property
at Cedar Cliff, in  Mineral  county, West Virginia, for work
and labor expended and performed for said Company by him
as Superintendent, under a contract made on the 17th day of
May, 1899.   And  said affiant further says, that the real
estate   of   said corporation  is   a   tract of 140  acres of
land, more  or  less situate, lying and being at and *neat*
Cedar Cliff, on the North Branch of the Potomac River  and
Knobley Mountain, in  said  county of  Mineral, adjoining
lands of  Carrie Brady  and  others,  which was conveyed  to
said Cumberland Valley Cement Company by S.  Dana Lin-
coln and wife, by deed dated 13th of  June, 1899, recorded in
the office of the Clerk of the County Court of Mineral County,
West Virginia, in Deed Book Number 20  pages 606 & 607,
and on which tract are  situated  the works of said Company,
at which the said James Grant performed the work and labor
aforesaid.   And this account is filed for the  purpose of se-
curing to said James Grant the benefit of the lien therefor on
all the real  estate and personal  property of said  Company
which is provided for  by  the statutes of  the state of West
Virginia, and the  work  and  labor for the value of which
this lien is claimed was not performed more than nine months
before the  filing of this account.   James Grant."

The account and sworn statement annexed to it are to be read together upon the inquiry as to whether the statutory requirements have been complied with. *U. S. Blowpipe Co.* v. *Spencer*, 40 W. Va. 698. The account proper sets forth correctly the name of the defendant, without describing it as a corporation, but the sworn statement supplies this defect, if defect it be, by the positive affirmation that it is a corporation. Though it is nowhere stated in so many words that the services for which the lien is claimed were rendered within nine months next preceding the filing of the account, it is declared, in the language of the statute, that "the work and labor for the value of which this lien is claimed was not performed more than nine months before the filing of this account," and the account claims the salary to May 17, 1903, the day before the filing thereof. It also shows the amount of the earned salary, $4,800.00, to have been paid to the extent of $4,000.00, leaving a balance due of $800.00, a sum less than the salary for nine months. As the services continued until the filing of the account, and the balance due is less than nine months' salary, and the services unpaid for were not performed more than nine months before the filing of the account, the claim must be for services rendered within nine months. In both the account and the statement, the claim is described as one for service rendered under a contract with the owner of the property against which it is asserted. Is the account sufficiently itemized? It does not show each month's salary charged as a separate item and each payment as a separate item of credit, in conformity with the view of counsel for the appellant, as to the requirement of the statute. But his objection seems to go to the form of the account rather than to matter of substance. Itemization is required so that the debtor and other creditors may determine, from an inspection of the recorded account, for what the lien is claimed; whether for work and labor, and, if so, the nature of it, when performed and at what price; or materials, and, if so, the kind, quality and price and when furnished; or both labor and materials, and, if so, the kind, quality and price of each and when performed and furnished. The account and sworn statement accompanying it in this case, read together, plainly show the requisite

facts, notwithstanding the lack of formality and clerical taste.

A case relied upon as an authority against the form of statement adopted is *Rude* v. *Mitchell*, 97 Mo. 365, cited in Phil. Mech. Liens section 350, holding as follows: "A lumping item of the whole contract price on the one hand and the credits on the other is no compliance with the law." But this language must be referred to its subject matter, the account filed in that case, for illustration. It is too general to permit application to all accounts. They differ in nature, according to the subject matter. The one considered in the case cited was under a contract to make additions to a building, thus involving both labor and materials of several different kinds, and the account was lumped into three large items, without any indication whatever as to how much was for labor and how much for materials. Here, it appears on the face of the account that the basis of it is labor and the kind, amount and price are all plainly disclosed. What reason is there for requiring further specification?

To require more would impose upon the contractor duties which are outside of the purpose underlying the statute, which is that the owner may be able to ascertain the correctness and reasonableness of the demand asserted against his property and that purchasers and encumbrancers may have information concerning the nature and amount of the lien. Phil. Mech. Liens section 349. "The intention was that the mere inspection of a record to be found at a particular place should disclose all the information necessary in order to enable those interested therein to determine as to the existence of liens on the property." *Loan Co. v. Furbush*, 80 Fed. Rep. 631. Such being the purpose, it obviously follows that a substantial, though not technical, compliance with the statute is sufficient, and this Court has so decided in *U. S. Blowpipe Co.* v. *Spencer*, 40 W. Va. 698. "All that is required is that enough should appear on the face of the statement to point the way to successful inquiry." Phil. Mech. Liens section 350, p. 617, citing *Knabb's Appeal*, 10 Pa. St. 186; *McLaughlin* v. *Shaughnessey*, 42 Miss. 520; *Wilvert* v. *Sunbury*, 81 Pa. 27.

An attested copy of the account and sworn statement is

exhibited with the bill and made part thereof. This supplies the want of certain specific allegations which should otherwise have appeared in the bill, but were not inserted. Reading the bill and exhibit together, as the court may do, (*Sadler* v. *Taylor*, 49 W. Va. 104, *Johnson* v. *Anderson*, 76 Va. 76, *Thompson* v. *Clark*, 81 Va. 422,) all the necessary allegations appear, as above indicated in the analysis of the account and statement. Mr. Hogg, in his Equity Procedure, at section 124, gives the following clear and concise statement of the requisites of such a bill as this: "The bill to enforce a mechanic's lien must show on its face that the claimant has taken the steps necessary to the creation of such a lien, that the work was done or material furnished in pursuance of a contract with the owner of the property or his authorized agent, to be used in constructing, altering, repairing or removing the house, mill, manufactory, or other building, appurtenance, fixture, bridge, or other structure against which the lien is claimed; the filing of the account with the proper officer within the time required by law after the claimant has ceased to work or furnish material, together with a description of the property against which the lien is claimed; and there should be an averment of the name of the owner of the property, against which the lien is claimed, at the time the work was performed or the materials furnished, and it should appear that the suit was brought within the time required by law. The bill must also show the existence of the debt at the time suit is brought, for the payment of which the lien is sought to be enforced."

The objections based upon the bringing in of prior and subsequent lienors as defendants and upon the direction of the decree to sell the property for the satisfaction and discharge of all the liens reported by the commissioner, may be disposed of together; for they are founded upon one and the same conception and view of the nature of the suit. Section 3 of chapter 75 of the Code, concerning mechanics' liens, provides that persons who are entitled to assert such a lien shall have liens upon the house or other structure for which labor or materials are furnished "and upon the interest of the owner in the lot or lands on which the same may stand, or to which it may be removed." As there was a prior mortgage and also prior deed of trust on the real estate of

the defendant, in consequence of which it had only an equity of redemption in the property, it is insisted that the mechanic's lien extends to, and covers, only such interest; and hence, that only such persons as are interested in the equity of redemption, namely, the owner and subsequent encumbrancers, should be made parties, and that only the equity of redemption should be sold. This view is supplemented by reference to section 10 of said chapter, by which the mechanic's lienor is required to make all other persons having liens on the property under said chapter parties, the assumption being that only those persons who are designated by the statute as parties should be made defendants. Both of these propositions are untenable. The interest of the owner referred to by the statute is not merely an equity of redemption, but is the estate in the land, which may be an estate in fee simple, a life estate or a term for years, or a mere equitable title, such as enables him, upon compliance with certain requirements, to call in the legal title. The defendant has such title, though encumbered by liens. The legal title is outstanding in the mortgagee, but, upon payment of the mortgage and trust deed debts, the owner would be entitled to call it back and have it revested in him. His equity of redemption is the right to pay the debts and re-acquire the legal title and vest in himself a complete legal fee simple title. It is upon this right that the plaintiff acquired a lien and not upon the value of the property less the liens. Suppose some prior liens had been discharged after the mechanic's lien had attached, can it reasonably be said that the interest thus relieved would not be covered by the mechanic's lien, and if all the prior liens had been thus discharged, this mechanic's lien would not be the first lien? If this were not true, the lien clearly would not cover the interest of the owner.

In some jurisdictions the courts hold that prior lienors are not necessary or proper parties. *Tompkins* v. *Horton*, 25 N. J. Eq. 284; *Smith* v. *Shaffer*, 46 Md. 573; *Portones* v. *Badenock*, 132 Ill. 377. Who are necessary parties is determined in the various states by the statutes providing for the enforcement of the lien. In New Jersey, the action is at law and the judgment enforced by execution. In Maryland, the statute authorizes enforcement by bill in equity and says

that, in such case, the same proceeding shall be had as are used by the courts of equity to enforce other liens, but the courts hold it improper to make a prior lienor a party unless he comes in and consents to be made a party.  The Illinois court held that it was not error to decree a sale subject to a prior deed of trust without making the *cestui que trust* a party.  Of the failure to make him a party the debtor only complained.  In that case, however, the trustee was a party, The Illinois practice seems to be very similar to our own. Our statute provides at section 12 of chapter 75, that if the lien be established in favor of any of the creditors, whose claims are presented in the suit, the court shall order a sale of the property on which the lien is established or so much thereof as may be sufficient to satisfy such claims in like manner as in other suits in chancery.  Hogg's Equity Procedure, at section 70, after referring to the statute, says: "A suit to enforce a mechanic's lien is carried on with all the rights, principles and methods of procedure incident to a court of equity; so that the question of parties is usually determined by these principles and methods."  This Court seems never to have passed directly upon the question of proper parties in such a suit.  Hence, it becomes necessary to resort to the general principles governing chancery practice in other cases for a solution of it.  In all creditors' suits against decedents' estates and suits for the enforcement of judgment liens, it is necessary that all lienors be brought before the court.  For this we need look no further than the statute.  Code, chapters 86 and 139.  Upon bills to enforce mortgages, judgment creditors and other lienors, must be made parties.  Hogg's Eq. Pro. section 72.  But there are some cases in which it is not necessary, such as bills to set aside fraudulent conveyances and bills to enforce vendors' liens.  *McClaugherty* v. *Croft*, 43 W. Va. 270; *Neeley* v. *Ruleys*, 26 W. Va. 686; but, in such cases, and, indeed, all cases, it seems necessary that the legal title be before the court. *Turk* v. *Skiles*, 38 W. Va. 404, *Bensimer* v. *Fell*, 35 W. Va. 17; *Smith* v. *Parsons*, 36 W. Va. 653; *Bilmyer* v. *Sherman*, 23 W. Va. 657; *Norris* v. *Bean*, 17 W. Va. 655; *Baker* v. *Oil Tract Co.*, 7 W. Va. 454. This seems to accord with the Illinois practice, as indicated by the case above cited in which the trustee only was made a party.  Very well

considered cases, decided by the supreme court of Minnesota, are of the same import. *Finlayson* v. *Crooks*, 47 Minn. 74; *Bassett* v. *Menage*, 52 Minn. 121. The former case holds that a mortgagor or any other party claiming an interest in the premises may be made a party, and his rights adjudicated whenever it might be done in an action to foreclose a mortgage. The statute in that state, however, says the lien may be enforced in the same manner as in actions for the foreclosure of mortgages upon real estate, except as otherwise therein provided. There, as here, most of the provisions of the statute, refer to mechanic's lien claims, but the court says that is because such lien is the subject of which the statute specially treats, and the mention of such liens and claims does not forbid the making of other interested persons parties to the suit. In this case, there was a prior mortgage and a prior deed of trust, in consequence of which the legal title was not in the defendant and it was necessary to make the mortgagee and trustee parties. By his bill, the plaintiff subordinated his lien to the mortgage and the deed of trust, several judgment liens and a prior mechanic's lien and claimed no priority over any of them. None of these lienors made any defense to the bill and are not complaining of the decree. Whether, if said prior lienors had appeared and demurred to the bill, the court would have sustained their demurrer, holding them not to be necessary parties, there is no occasion to say. By not doing so, they have waived the error, if any there was. The defendant is not in a position to complain, for the reason that the error, if any, is not prejudicial to it. Moreover, there seems to be a precedent for making all lienors and interested persons parties to a suit of this kind in the case of *U. S. Blowpipe Co.* v. *Spencer*, 40 W. Va. 698. There, a judgment lienor was made a party defendant but the bill was held good on demurrer. Though, in bills to set aside fraudulent conveyances, it is not necessary to make all creditors parties, it is the general practice to do so and our reports are full of cases in which it has been done. As no complaint is made by the creditors on that ground and the debtor and its grantor are not in a condition to complain, because not prejudiced by any irregularity in that respect, since all the creditors are entitled to have satisfaction out of the prop-

erty, if sufficient, upon the establishment of the fraud alleged, the decree is allowed to stand. When the mechanic's lien is established, so as to give jurisdiction, no reason is perceived why all creditors may not, if they choose to do so, come in and have their liens enforced in the same cause. The power of a court of equity, having jurisdiction of a cause, to hear all persons interested in the subject matter thereof, is very broad. Every lienor could maintain a separate and contemporaneous suit for the enforcement of his lien, unless required in some way to present his claim in some other suit, and the court could hear them all together and make one decree of sale to satisfy all, and this would be necessary in order to avoid confusion. There is no lack of jurisdiction here. The lien gives that, and, it having been conferred, the court may take cognizance of such incidental matters, germane to the subject matter, as may be necessary to give definiteness and certainty to its decree, and full relief to the plaintiff. Is it a hardship upon the defendant to precipitate upon him the liens of all his creditors? If he is able to pay the lien for which the suit is brought, he may, by doing so, stop the proceedings. If he cannot do so, the property must go to sale anyhow to satisfy it and his interest in it is extinguished by the sale. He is not, therefore, prejudiced or injured by making them parties. However this objection on the part of the defendant might have been viewed by the court below, it cannot avail him here to reverse the decree, all the alleged improper parties having acquiesced in it and thereby signified their willingness to take the benefit of it; for the rule is well settled that judgments and decrees, though erroneous will not be reversed at the instance of persons who are not prejudiced by the error. Nor did the court err in decreeing a sale of the land to pay the liens thereon instead of the equity of redemption; for the statute provides that the court shall order a sale of the property as in other suits in chancery and it is the universal practice to order a sale of the land for the purpose of satisfying all the liens that are adjudicated and ascertained in the suit.

The order of reference was not premature, for, at the time it was made, the bill and its exhibits showed a number of liens. The requirement that a *prima facie* case be made

before the allowance of an order of reference was fully met,. The answer substantially admitted indebtedness on account of services as superintendent, but denied that it existed "in manner and form" as alleged in the bill, and averred that a true account would show that "said work, or the. greater part thereof, was performed before the time mentioned in said claim of lien." It did not deny the other liens set forth in the bill. It is argumentative and evasive, not making a full and square denial of the plaintiff's claim. It admits indebtedness, but denies the correctness of the amount claimed, and contests the lien claimed on the ground of defects in the recorded notice. In such a state of the pleadings, an order of reference could properly be entered without proof to sustain the allegations of the bill. All allegations not denied are taken as true. Code, chapter 125, section 36; *Gardner* v. *Landcraft*, 6 W. Va. 36; *Dickinson* v. *Railway Co.*, 7 W. Va. 390; *Warren* v. *Syme*, 7 W. V. 474; *Burlew* v. *Quarrier*, 16 W. Va. 108.

For the foregoing reasons, the decree complained of will be affirmed.

*Affirmed.*