### In re METROPOLITAN JEWELRY CO.

### In re MAGID.

#### (District Court, S. D. New York. January, 1914.)

BANKRUPTCY (§ 345*)—CLAIMS—PREFERENCES.

   Claimant, who was general manager and treasurer of the bankrupt corporation, and who represented his wife, who owned the majority of the stock, was not entitled to priority under Bankr. Act July 1, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

In Bankruptcy. In the matter of the bankruptcy of the Metropolitan Jewelry Company. Claim of one Magid for priority under Bankr Act, § 64b (4). Disallowed.

See, also, 216 Fed. 384.

Thomas Fleming Walsh, of New York City, for trustee.
William J. Miller, of New York City, for claimant.

MAYER, District Judge. The claimant, Magid, was the treasurer and general manager of the bankrupt corporation. The corporation

was composed of his father, who was president and owned $500 in stock, the claimant's wife, who held $1,500 in stock, and one Smidrod, who held $100 in stock, which shortly after the incorporation was sold to claimant, so that during practically the entire life of the corporation claimant was general manager, treasurer, and stockholder of the corporation, and represented his wife, who owned the majority of the capital stock of the corporation, in the management of the corporation.

It is apparent that Magid and Meyrowitz (whose claim has also been considered) were really partners so far as the management of the business was concerned. It is academic to say that they were in any sense such employés as are contemplated under subdivision 4, § 64b, of the Bankruptcy Act. The testimony demonstrates that Magid was to all intents and purposes the manager of the corporation, that the traveling which he did was of that incidental character, which is often done by a member of a firm, and that his efforts as salesman were the efforts, in effect, of a principal and not of an employé. I have already indicated my views upon this question in my memorandum in the Meyrowitz Case (D. C.) 216 Fed. 384, which will be filed contemporaneously herewith.

There are, of course, many instances where a man is really an employé, and for some purpose of convenience holds a share of stock, or is asked to act upon a board of directors; but there are a good many other instances, of which this is an example, where the corporation is really a family or friendly affair, and the so-called salesman, clerk, or manager participates in the active management of the corporation, and holds his position because, for some reason, it is deemed wise that the stock of the corporation be held by a relative or friend, instead of by himself. While, of course, in proper cases the priority contemplated by the statute should be enforced, yet, on the other hand, it is important that the court should look through mere forms, to the end that the claims of general creditors should not be subordinated to so-called priority claims which are asserted by persons who really are principals.

The claim of Magid is disallowed.