[L. A. No. 15419.   In Bank.—June 29, 1937.]

SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Appellant, v. THE POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation) et al., Respondents.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Frank L. Guerena and Eugene P. Fay for Appellant.

Charles D. Warner and Charles R. Thompson for Respondents.

SEAWELL, J.—Petitioner Samuel L. Carpenter, Jr., is insurance commissioner of the state of California.   Respond-

ents A. J. Scott, A. B. Jones and A. B. Jones, Jr., were president, vice-president, and secretary-treasurer, respectively, of Policy Holders Life Insurance Association, a corporation, in March 1935, when said corporation was ordered into liquidation and the state insurance commissioner named as liquidator by order of the Superior Court of Los Angeles County, as provided by law. Said insurance commissioner appeals from an order thereafter made by said court which decreed that the claims of said officers for salary in the amount of $200 each were preferred claims under section 1204, Code of Civil Procedure. Appellant insurance commissioner contends that the claims of officers for salary are not within said section.

The section is as follows: ''When any assignment, whether voluntary or involuntary, and whether formal or informal, is made for the benefit of creditors of the assignor, or results from any proceeding in insolvency or receivership commenced against him, or when any property is turned over to the creditors of a person, firm, association or corporation, or to a receiver or trustee for the benefit of creditors, the wages and salaries of miners, mechanics, salesmen, servants, clerks, laborers, and other persons, for personal services rendered such assignor, person, firm, association or corporation, within ninety days prior to such assignment, or the taking over of such property, or to the commencement of the proceeding when a court action is involved, and not exceeding two hundred dollars each, constitute preferred claims, and must be paid by the trustee, assignee or receiver before the claim of any other creditor of the assignor, insolvent or debtor . . . ''

Thus the preference given is for the ''wages and salaries of miners, mechanics, salesmen, servants, clerks, laborers, and other persons, for personal services''. This section, which was embodied in the code of 1872, did not contain the words ''and salaries'' following ''wages'', nor the words ''other persons'' until 1907. In 1931 the word ''personal'' was inserted before ''services''. The respondents contend that in the light of these changes, it cannot be held that the claims of corporate officers for salary due them for personal services rendered the corporation are excluded from the priority provided by the section. The use of the word ''wages'' in statutes not also containing the word ''salaries'' sometimes

has been relied on as indicating an intent to exclude corporate officers from a preference. Respondents also rely on the use of the words ''other persons'', rather than such a term as ''employees'', and the words ''personal services'', rather than ''labor'', as indicating the inclusion of corporate officers. However, since 1931, the section has referred to the preferred claims as ''labor'' claims.

By his affidavit in this matter respondent A. J. Scott averred that he was president of the corporation in liquidation until March 6, 1935, at a salary of $700 a month, that a balance of $85 remained unpaid on his salary for February, 1935, and that $115 was due him as salary from March 1 to March 6, 1935, making a total of $200 due him. A. B. Jones, as vice-president, and A. B. Jones, Jr., as secretary-treasurer, filed similar affidavits, each averring a balance of $200 due on salaries of $700 monthly.

We are of the view that it was not within the purposes and objects of section 1204 of the Code of Civil Procedure, to give officials of a corporation, such as a president, vice-president and secretary-treasurer, a preferential claim for an unpaid balance of salaries due them when the corporation passes into liquidation. While it is true that a literal wording of said section might seem to include such officials, we are of the view that they are in a class apart from others who work for the corporation for wages or salaries, and that in the absence of express mention it was not the legislative intent to include them within the class given priority. In *Seventh Nat. Bank* v. *Shenandoah Iron Co.*, 35 Fed. 436, 442, the court said: ''The prominence of such officials in every company named in the statutes precludes the idea that their distinct existence and claims were overlooked and that they were intended to be embraced in some of the designated classes of employees. They seem to have been purposely omitted.''

In the absence of an express inclusion it must be held that the legislature did not intend to give a preferred claim over general creditors for their salaries, or any part thereof, to those major officials who have been directing the policy of the corporation and controlling its management as it passed into an insolvent state requiring liquidation for the benefit of its creditors generally. The underlying principle controlling the liquidation of insolvent estates is that there should

be a ratable distribution of assets among creditors. In the absence of a clearer expression of intent than is found in section 1204, we are unwilling to hold that this principle of equality has been disturbed in favor of major officers of an insolvent concern who have claims for unpaid salary. The amendments of 1907 made it plain that not only those working for "wages", but persons working for "salaries" should be given priority. The code commissioner's notes to said amendments state that sections 1204–1207 "were rewritten and 1208 added because the first four sections were ambiguous and carelessly drawn. Nothing new is intended by the chapter." The word "personal" placed before "services" in 1931 did not give officers priority.

None of the specific designations in the section—miners, mechanics, salesmen, servants, clerks, laborers—connote an official capacity. Under the rule of *ejusdem generis* it must be held that the words "other persons" were intended to refer to those in the same general class as those specifically mentioned, that is, other persons not standing in relation to the corporation in an official capacity. Persons in the classes mentioned are generally described as employees. The president, vice-president, and secretary-treasurer, although in a sense employees, are generally regarded as employers, representing the corporation.

We find authority for our conclusion in a number of decisions, which although interpreting statutes differing in wording from our section 1204, nevertheless are persuasive and indicative of the general purpose of such statutes not to accord priority to salary claims of major officials. (*Pullis Bros. Iron Co.* v. *Boemler,* 91 Mo. App. 85; *Perkins* v. *Barr,* 126 Md. 91 [94 Atl. 533]; *Seventh Nat. Bank* v. *Shenandoah Iron Co.,* 35 Fed. 436; *MacGregor* v. *Johnson-Cowdin-Emmerich,* 26 Fed. (2d) 311; *Weatherby* v. *Saxony Woolen Co.,* (N. J. Ch.) 29 Atl. 326; *England* v. *Beatty Organ Co.,* 41 N. J. Eq. 470 [4 Atl. 307].) Section 64, subdivision 4, of the Federal Bankruptcy Act provides for priority of payment from the bankrupt's estate of "wages due to workmen, clerks, traveling or city salesmen, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed $600 to each claimant". Under this section the president of a corporation has been held not entitled to priority. (*In re Grubbs-Wiley*

*Grocery Co.,* 96 Fed. 183; *In re Crown Point Brush Co.,* 200 Fed. 882; *In re Metropolitan Jewelry Co.,* 216 Fed. 385.)

Respondents find some support for their contrary contention in *Buvinger* v. *Evening Union Printing Co.,* 72 N. J. Eq. 321 [65 Pac. 482], *Conlee Lumber Co.* v. *Ripon Lumber etc. Co.,* 66 Wis. 481 [29 N. W. 285], and in three West Virginia cases, *Kimball* v. *Sundstrom & Stratton Co.,* 80 W. Va. 522 [92 S. E. 737], *Grant* v. *Cumberland Valley Cement Co.,* 58 W. Va. 162 [52 S. E. 36], and *Richardson* v. *Norfolk & W. R. Co.,* 37 W. Va. 641 [17 S. E. 195].

It is our conclusion that under section 1204 of the Code of Civil Procedure, the respondent officers, who are president, vice-president and secretary-treasurer of the corporation in liquidation, are not entitled to priority in payment of any portion of their claims for salary, but must share *pro rata* with general creditors of the corporation.

The order appealed from is reversed.

Curtis, J., Langdon, J., Sturtevant, J., and Nourse, J., *pro tem,* concurred.

SHENK, J., Dissenting.—I dissent. As the statute originally stood there could be no doubt of the correctness of the conclusion that the salaries of those rendering personal services to corporations as officers thereof were not then preferred claims. But when the statute was amended in 1931 to include the salaries of servants and other persons for "personal" services rendered the assignor "corporation", some significance should be given to those amendments. The majority opinion holds them meaningless. When they are accorded their usual meaning the salaries and wages of those who render personal services for the assignor corporation, whether as officers, servants or employees, would be entitled to the preference to the extent of $200. (See *Levitt* v. *Faber,* 20 Cal. App. (2d) (Supp.) 758 [64 Pac. (2d) 498].) The code commissioner's notes related to the 1907 amendments and appear to have been concerned mainly with arrangement and not so much with substance. Those notes were not concerned at all with the substantive changes in 1931. In my opinion the order should be affirmed.

Edmonds, J., concurred.