# CHARLESTON.

VIRGILIO MORICONI *v.* THE CHESAPEAKE & OHIO RAILWAY COMPANY, *a corporation,* A. F. FIDELI COMPANY, *a corporation, and* GEORGE THOMPSON.

(No. 5996)

Submitted May 1, 1928. Decided May 8, 1928.

*Fitzpatrick, Brown & Davis,* and *C. W. Strickling,* for appellant.

*Hubbard & Bacon,* for appellee Moriconi.

*W. H. Haynes,* for appellee Thompson.

LITZ, JUDGE:

The defendant, The Chesapeake & Ohio Railway Company, appeals from a decree of the circuit court establishing labor liens on a railroad side track, owned by it, in favor of the plaintiff, Virgilio Moriconi, and the defendant, George Thompson.

May 25, 1923, the A. F. Fideli Company, a Maryland Corporation, and the defendant, The Chesapeake & Ohio Railway Company, entered into a written contract whereby the former agreed to construct on behalf of the latter, for a stipulated consideration, a railroad side track in Fayette county; the contractor executing bond with the Fidelity & Deposit Company of Baltimore as surety, in the penalty of $58,000.00, for the faithful performance of the work. The plaintiff, under an agreement with the contractor, to excavate the roadbed, lay and surface the track and perform other work necessary to the completion of the contract, rendered service between August 19th and October 4, 1924. On account of the death of A. F. Fideli, president of the contracting corporation, a receiver was appointed to administer its affairs and the work was completed by the Fidelity & Deposit Company in discharge of its obligation under the bond. The plaintiff thereafter perfected a lien, under chapter 75, Code, for the services rendered, amounting to $4,472.00. The defendant, George Thompson, on behalf of himself and fifteen others (through the medium of assignment) undertook to perfect a similar lien for work performed by them on the job as employees of the A. F. Fideli Company amounting to $1016.88.

The appellant contends that the lien asserted in favor of the plaintiff is not maintainable for the reason that he did not "perform any labor or do any work necessary to the Completion" of the "general contract, and the erection, construction, alteration, repair or removal of any building or other structure, or improvement pertinent thereunto", within the meaning of section 2, Chapter 75, Code; and that the lien asserted in favor of the defendant, George Thompson, is not enforceable for the additional reason, among others, that notice was not served upon the owner within sixty days from the performance of the last labor, as required by section 3 of the act.

In holding that the statute applies to public railways, *Houston Lumber Company* v. *Wetzel & Tyler Railway Company*, 69 W. Va. 682, states: "Another point not presented or argued by counsel, though suggested in council, is that perhaps public policy would forbid the laying of a mechanic's lien upon railways of this character. Mr. Boisot, section 204, discusses this subject, referring to the conflicting decisions. After a brief review of the cases he says in conclusion, that 'the better reason would seem to show that mechanics' liens may be enforced against street car companies under the laws giving liens on railroads.' Our statute does not in specific terms give such a lien on railroads, but we think the subject is covered in general terms by section 2, Chapter 75, Code (1906), giving mechanics or materialmen, who furnish any labor or material 'for constructing, altering, repairing or removing a house, mill, manufactory, or other building, appurtenances, fixtures, bridge, or other structure, by virtue of a contract with the owner or his authorized agent, * * * a lien to secure the payment of the same, upon such house or other structure, and upon the interest of the owner in the lot of land on which the same may stand or to which it may be removed.' Is not a railway a structure upon land, and does not the owner have an interest in the land or lot on which the railway is built, even though it be built on a public road or street?"

There is no merit in the theory of the railway company that the plaintiff is not entitled to a lien on the railroad be-

cause the services for which the lien is asserted were rendered in the preparation of the grade, which, it is claimed, does not constitute a structure within the meaning of the statute. According to this argument only those who have rendered service in laying the ties and the rails on a finished grade would be entitled to a labor lien. The statute protects all who furnish labor or material from the inception to the completion of the structure. Notwithstanding the default of the principal contractor, the contract was fully executed by its surety, the bonding company. The statute is of little consequence if it protects only those who "put on the finishing touches" of the work.

Thompson and the other laborers, who assigned their claims to him, ceased work October 4, 1924. Thereafter he caused two notices to be served upon the Chesapeake & Ohio Railway Company for the purpose of perfecting a lien, under Chapter 75 of the Code, in favor of himself and the other laborers for whom he was acting. The first notice, served October 16, 1924, follows:

"TO THE CHESAPEAKE & OHIO RAILWAY COMPANY, A CORPORATION:

You will please take notice that the undersigned has performed work and labor under a contract with A. F. Fedlia Company, a corporation, who was general contractor with you in the building and construction of a certain railway track on the main line of the C. & O. Railway Company near Kanawha Falls, Fayette County, West Virginia, and the said work and labor was of the kind, was performed on the dates for the purposes as shown in the following itemized account thereof; labor performed for the A. F. Fedlia Company, a corporation, from the 15th day of September until the 15th day of October, 1924, by the undersigned, George Thompson and other employees in whose behalf he sues.

You are further notified that the undersigned nor the other persons in whose behalf he sues have been paid the sum of $768.50 and that he claims a lien upon your interest in the right of way of said lot or tract of land upon which this

railway grading was done and upon any structure or improvement thereon to secure the payment of the said sum.

GEORGE THOMPSON.''

''STATE OF WEST VIRGINIA,
COUNTY OF FAYETTE, to-wit:

George Thompson, being first duly sworn upon his oath says that the statements in the foregoing notice of Mechanic's Lien contained are true as he verily believes.

Taken, subscribed and sworn to before me this the 15th day of October, 1924.

My commission expires on the 9th day of January, 1934.

W. H. HAYNES, Notary Public.''

This notice, which was recorded October 18, 1924, is insufficient, under paragraph G of section 3 or section 20 of the Act. Although a substantial compliance with the statute only is required, the notice should disclose information from which those interested may determine the existence of a lien. *Grant* v. *Cumberland Cement Company*, 58 W. Va. 162, 166. Granting that the lien for labor may be perfected and enforced by an assignee, the notice in question does not disclose the names of the assignors, the respective amounts of their claims, nor other definite information from which the existence of a lien may be ascertained.

The second notice (for $401.28), recorded December 4th and served December 6th, 1924, is a duplicate of the first with the exception of the amount of the lien claimed.

The decree will therefore be affirmed as to the lien asserted by the plaintiff and reversed insofar as it establishes a lien in favor of the defendant Thompson.

*Affirmed in part; reversed in part.*